```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UN4 PRODUCTIONS, INC.,                              :
                                                    :
                            Plaintiff,              :       MEMORANDUM
                                                    :       & ORDER
            -against-                               :       17-CV-3278 (PKC) (SMG)
                                                    :
DOE—173.68.177.95; DOE—71.241.152.126;              :
DOE—96.239.22.86; DOE—72.89.251.15;                 :
DOE—67.243.174.59; DOE—24.90.175.62;                :
DOE—158.222.229.85; DOE—24.45.144.16;               :
DOE—67.87.102.87; DOE—173.3.52.242;                 :
DOE—69.122.139.154; DOE—24.191.11.207;              :
DOE—72.226.45.135; and DOE—108.21.225.171,          :
                                                    :
                            Defendants.             :
------------------------------------------------------------------x
```
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff UN4 Productions, Inc. ("UN4") brings this infringement action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"), against fourteen unidentified Doe defendants who are charged with unlawfully downloading and distributing unauthorized copies of plaintiff's copyrighted work over the online BitTorrent file distribution network. Complaint ("Compl.") ¶¶ 1, 7, Docket Entry 1. UN4 is a film production and distribution company and the owner of exclusive rights in *Boyka: Undisputed IV* ("*Boyka*"), a motion picture that was released in theaters on April 18, 2017.[1] Compl. ¶¶ 5-6, 13-14. UN4 alleges in its complaint that, without authorization, each of the Doe defendants used the BitTorrent protocol to search for, reproduce, and distribute infringing copies of *Boyka* to the public, thereby violating plaintiff's exclusive rights protected by the Copyright Act. Compl. ¶ 30.

---

[1] According to the complaint, *Boyka* is the fourth installment in a fighting movie franchise. Compl. ¶ 13.

Plaintiff now moves *ex parte* for leave to take discovery prior to a Rule 26(f) conference and, more specifically, to serve Rule 45 subpoenas on internet service providers Time Warner Cable, Verizon FiOS, and Altice f/k/a Cablevision d/b/a Optimum Online (the "ISPs"), in order to ascertain the true names, postal addresses, and email addresses for the subscribers associated with the Internet Protocol ("IP") addresses identified in the complaint.[2] *See* Motion for Discovery, Docket Entry 6; Memorandum of Law in Support of Plaintiff's Motion for Leave to Take Discovery ("Pl.'s Mem.") at 2, Docket Entry 7.

## DISCUSSION

A. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(d)(1) prohibits parties from seeking discovery "from any source" before the parties have met and conferred as required by Rule 26(f), except "when authorized by these rules, by stipulation, or by court order." Such an order may not be granted absent "good cause." *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)); *see also In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 WL 3605834, at *2 (E.D.N.Y. June 8, 2015) (noting that courts in this District "generally require a showing of 'good cause' prior to permitting expedited discovery prior to a Rule 26(f) conference").

Plaintiff relies on the five-factor test adopted by the Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010), to decide a motion to quash brought by a John Doe defendant seeking to preserve his anonymity. *See* Pl.'s Mem. at 7-8. In *Arista*, the Second Circuit identified the "principal factors" for courts to consider in such cases as including: "(1) the

---

[2] Plaintiff has provided a list of the pertinent IP address in an exhibit attached to its complaint. *See* Compl., Ex. A, Docket Entry 1-1.

concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy." *Arista*, 604 F.3d at 119 (quoting *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). As plaintiff correctly notes, the same factors are considered by courts deciding whether to permit a party in a copyright infringement case to take limited discovery before participating in a Rule 26(f) conference. *See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016); *Malibu Media, LLC v. Doe*, 2015 WL 4092417, at *1 (S.D.N.Y. July 6, 2015); *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015); *BitTorrent*, 296 F.R.D. at 87; *Malibu Media, LLC v. John Does 1-10*, 2012 WL 1020455, at *1 (E.D.N.Y. Mar. 26, 2012). Here, all five *Arista* factors are satisfied.

B. ANALYSIS

1. Plaintiff's Prima Facie Showing of Infringement

The first *Arista* factor examines whether a plaintiff has made a concrete, prima facie showing of actionable harm. To make a prima facie showing of copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original." *Malibu Media*, 2012 WL 1020455, at *1 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). In addition, subject to limited exceptions, Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (citing 17 U.S.C. § 411(a)).

3

Here, plaintiff alleges that it is the registered copyright owner of the subject motion picture. The complaint includes the copyright registration number and a copy of the registration is attached to the complaint as an exhibit. *See* Compl. ¶ 14 & Ex. B, Docket Entry 1-2. Plaintiff alleges in its complaint that *Boyka*, the film, contains "wholly original material that is copyrightable subject matter" under the Copyright Act. Compl. ¶ 15. Accordingly, plaintiff has established registration and ownership of a valid copyright in a work.

With respect to unauthorized copying, plaintiff alleges that, without its authorization, defendants employed BitTorrent, an online peer-to-peer file sharing network that enables computers to exchange large files, to search for, reproduce, and distribute infringing copies of *Boyka* to the public. *Id.* ¶¶ 19, 30. Geolocation data obtained by plaintiff's investigator, MaverickEye UG ("MaverickEye"), identifies the IP addresses associated with each Doe defendant and the ISPs associated with each IP address, as well as specific dates and times defendants were observed engaging in infringing activity. *Id.* ¶¶ 4, 6, 31 & Ex. A. The data obtained by MaverickEye also confirms, "to a reasonable degree of certainty, that the IP addresses used by [d]efendants were assigned to individuals located within" the Eastern District of New York. Compl. ¶ 4.

For the reasons set forth above, I find that the facts set forth in the complaint adequately allege a prima facie claim against the Doe defendants for copyright infringement. *See Malibu Media*, 2016 WL 2894919, at *2 (finding first *Arista* factor met where a "complaint plainly set[] out the copyrighted works at issue and provide[d] comprehensive allegations regarding the manner by which the [d]efendant copied the various works, including the date and time of the infringement and the IP address and technology used to effect the copying").

2. Specificity of the Discovery Request

The second *Arista* factor requires that a plaintiff's discovery request be "sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make service possible upon particular defendants who could be sued in federal court." *BitTorrent*, 296 F.R.D. at 88 (quoting *Sony Music*, 326 F. Supp. 2d at 566). Here, plaintiff seeks to serve Rule 45 subpoenas on the ISPs in order to obtain the names, postal addresses, and email addresses for each of the IP addresses that were observed engaging in infringing activity. Pl.'s Mem. at 2. Plaintiff asserts that the requested information may be retrieved by the ISPs "with little or no burden" and that the ISPs have policies in place that permit them to comply with such requests. *Id.* at 9-10 & n.5. The information sought by plaintiff appears sufficiently limited, specific, and narrowly tailored to further its objective of identifying and effecting service on defendants. *See Malibu Media, LLC v. Doe No. 4*, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) (finding factor met where the subpoena requested, *inter alia*, the name, permanent address, and email address associated with a particular IP address, and noting that such a request was "highly specific in nature"). I find that this factor thus supports granting plaintiff's motion.

    3. Absence of Alternative Means to Obtain the Information Sought

The next factor asks whether the plaintiff has any other available means for obtaining the information sought. Plaintiff contends that it does not, and I am unaware of any alternative avenues for procuring the information it seeks. According to plaintiff's counsel, the true identities of the customers associated with the relevant IP addresses are known only to the ISPs themselves and are not reasonably capable of being determined by other means. *See* Declaration of Bryan N. DeMatteo ("DeMatteo Decl.") ¶ 9, dated June 5, 2017, Docket Entry 8. Plaintiff's

counsel avers that there is no public record of IP address associations, and that he could not uncover the information sought by searching websites such as *http://www.whatismyipaddress.com*, *http://www.ip-tracker.org*, and *http://www.whatismyip.com*. *Id.* Indeed, as courts have observed, "BitTorrent's appeal to potential infringers is the large degree of anonymity it provides users." *Malibu Media*, 2016 WL 2894919, at *3 (citation omitted). Accordingly, I find that this factor also weighs in plaintiff's favor.

        4.  <u>The Need for the Information Sought to Advance the Claim</u>

The fourth *Arista* factor considers how "central" the need is for the subpoenaed information to advance the plaintiff's claim. *Sony Music*, 326 F. Supp. 2d at 565. Here, plaintiff reasonably argues that it cannot litigate its claims without ascertaining the identity and address of each Doe defendant. Pl.'s Mem. at 11. As several courts have noted, the information UN4 seeks is essential to allowing it to pursue its legal rights against the otherwise anonymous defendants. *See Malibu Media*, 2016 WL 2894919, at *3 ("[I]n the absence of the ability to subpoena the ISP, the [p]laintiff will be unable to identify and serve [d]efendant, effectively terminating the litigation."); *BitTorrent*, 296 F.R.D. at 89 ("Plaintiffs clearly need identification of the putative John Does in order to serve process on them and prosecute their claims."); *Sony Music*, 326 F. Supp. 2d at 566 ("Ascertaining the identities and residence of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process."). Moreover, expedited discovery at this juncture is necessary to preserve the requested information from being deleted by the respective ISPs. *See Dig. Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). Thus, this factor cuts in plaintiff's favor as well.

6

5. Defendants' Expectation of Privacy

The final factor to consider is the defendants' privacy interest in remaining anonymous. While plaintiff admittedly seeks to obtain private and sensitive information, courts have recognized that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013); *see also Arista*, 604 F.3d at 124 (noting that a defendant's "expectation of privacy for sharing copyrighted music through an online file-sharing network [i]s simply insufficient to permit him to avoid having to defend against a claim of copyright infringement"); *Sony Music*, 326 F. Supp. 2d at 566 ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted [works] without permission."). Moreover, given the nature of the copyrighted work at issue here, the potential harm to a putative defendant's reputation is far less damaging if, in fact, they did not commit the conduct alleged than it could be in a case where the defendants are accused of downloading, for example, pornographic films or other controversial works. *Cf. Next Phase Distribution, Inc. v. Does 1-138*, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012) (noting "the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film"). I therefore find that any expectation of privacy the Doe defendants may have in remaining anonymous is outweighed by plaintiff's interest in being able to vindicate its intellectual property rights.

CONCLUSION

In light of the forgoing, plaintiff's motion for leave to take discovery prior to holding a Rule 26(f) conference is granted. UN4 may promptly serve the ISPs with Rule 45 subpoenas commanding them to provide plaintiff with the true name, postal address, and email address of each subscriber associated with each IP address listed in Exhibit A to plaintiff's complaint. Any information produced by the ISPs, however, will be limited to review on an attorneys'-eyes-only

basis and shall not be disclosed to UN4, or its employees or agents, with the exception that disclosure may be made as required for the limited purpose of effecting service of process on defendants. Although in some cases plaintiffs have been restricted from accessing defendants' email addresses, an individual's last known physical address is not always genuine or current. Therefore, because service by email may be the only way to serve defendants in this case, the disclosure of defendants' email addresses will be permitted.

Plaintiff shall attach a copy of this Order to the subpoenas it issues to the ISPs. In addition, plaintiff may use the information disclosed in response to the Rule 45 subpoenas served on the ISPs only for the purpose of protecting and enforcing plaintiff's rights as set forth in its complaint and only for the above-captioned action and no other purpose, including, but not limited to, future litigation against the same defendants.

The subpoena shall require the ISPs to immediately notify subscribers of the IP address whose information is to be released so that the subscribers will have an opportunity to file objections or motions to quash with the Court. The Court also orders that the ISPs forward the subpoenaed information to plaintiff by **July 28, 2017**. If a motion to quash is filed before that date, the ISPs shall preserve any subpoenaed information pending the resolution of the motion to quash.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 14, 2017

U:\#ZAK 2016-2017\UN4 Productions, Inc. v. Doe-173.68.177.95 et al. (17cv3278) (PKC)\Motion for Pre FRCP 26(f) Discovery - FINAL.docx